NOS. 12-08-00184-CR


 12-08-00185-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES ELIAS HARRIS,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 James Elias Harris appeals his convictions for indecency with a child by sexual contact.
Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We
dismiss Appellant's appeal.


Background

 Appellant was charged by two separate indictments with the offense of indecency with a child
by sexual contact, a second degree felony. (1) Appellant pleaded guilty to the offenses charged in each
of the indictments. In each case, Appellant and his counsel signed a written plea bargain agreement,
written admonishments, an agreement to stipulate testimony, and a stipulation of evidence judicially
confessing to the offense alleged in the indictment and admitting that he committed each and every
element alleged in the indictment. He also waived his time to file motions for new trial, his right to
appeal, and his right of trial by jury. The trial court accepted Appellant's pleas, deferred further
proceedings without entering an adjudication of guilt, and ordered that, in each case, Appellant be
placed on deferred adjudication community supervision for a period of ten years. (2) 

 On December 4, 2007, the State filed a motion to adjudicate and revoke community
supervision in each case, alleging that Appellant had violated the terms of his community
supervision. In each case, Appellant pleaded "not true" to the allegations contained in the State's
motion. In each case, after a combined hearing, the trial court found that Appellant violated the
terms and conditions of his community supervision, revoked his community supervision, and
adjudged Appellant guilty as charged of indecency with a child by sexual contact. In the first case
(appellate cause number 12-08-00184-CR), the trial court assessed Appellant's punishment at twenty
years of imprisonment, a fine of $2,500, and court costs. (3) In the second case (appellate cause number
12-08-00185-CR), the trial court assessed Appellant's punishment at twenty years of imprisonment,
a fine of $2,442, and court costs. The trial court ordered that the sentences be served concurrently. 
This appeal followed.


Analysis pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. From our review of
Appellant's brief, it is apparent that his counsel is well acquainted with the facts in these cases. In
compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel's brief presents a chronological summation of the procedural history of the cases, and further
states that counsel is unable to raise any arguable issues for appeal. (4) We have reviewed the record
for reversible error and have found none.


Conclusion

 As required, Appellant's counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly
frivolous and his motion for leave to withdraw is hereby granted. See In re Schulman, 252 S.W.3d
at 408-09.

 Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion
and judgment to Appellant and advise him of his right to file a petition for discretionary review. See
Tex. R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. Should Appellant wish to seek
further review of these cases by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or he must file a pro se petition for discretionary
review. Any petition for discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this court. See Tex. R.
App. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will
be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in each case. 
See Tex. R. App. P. 68.3. Any petition for discretionary review should comply with the requirements
of Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4; In re Schulman,
242 S.W.3d at 408 n.22.

 We dismiss Appellant's appeals.

Opinion delivered August 12, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



(DO NOT PUBLISH)
1. See Tex. Penal Code Ann. § 21.11(a)(1), (d) (Vernon 2003). 
2. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2008). 
3. An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term
of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. Tex. Penal
Code Ann. § 12.33 (Vernon 2003).
4. Counsel for Appellant certified that he provided Appellant with a copy of his brief and that Appellant was
given time to file his own brief in each case. The time for filing such a brief has expired and we have received no
pro se brief.